IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER ROOT; C.D.O. COOPER; TAMMY BOWEN; LIZ FISHER; and MICHAEL BUCKLEY,<br><br>Defendants. | Cause No. CV 19-101-M-DLC-JCL<br><br>ORDER |

Plaintiff Logue filed this action on June 13, 2019. On June 28, 2019, the Court requested a waiver of service of summons from Defendants Root, Cooper, and Bowen and recommended dismissal of Defendants Fisher and Buckley. *See* Order (Doc. 11); Findings and Recommendation (Doc. 10).

On July 2, 2019, the Court denied Logue's motions for counsel and for leave to file exhibits. After that Order was issued, the Court received additional motions seeking leave to "enter evidence." Parties do not enter evidence into a court's record by mailing it in. These motions are equivalent to asking the Court to act as a warehouse. The motions and the attached documents will be returned to Logue without filing.

Also on July 2, the Court gave Logue one final opportunity to state any

1

claims on which he intends to proceed alleging denial of his right to adequate medical care, denial of his right to adequate mental health care, and retaliation or denial of his right to due process. *See* Order (Doc. 16) at 2–5.

On July 5, 2019, the Court received another motion to amend from Logue (Doc. 17). Presumably it crossed in the mail with the Order of July 2. This motion to amend is addressed in a separate Findings and Recommendation, as are portions of Logue's response to the Order of July 2, 2019.

On July 8, 2019, Logue filed a motion for partial summary judgment on his claim that he was unlawfully deprived of funds in his jail trust account in Flathead County in the spring of 2017. *See* Order (Doc. 16) at 1; Pl. Mot. for Summary Judgment (Doc. 18). The defendants named in connection with this claim are the ones who were asked to waive service on June 28. They have not yet appeared and are not yet required to appear. Consequently, Logue's assertion that any aspect of his claim is "undisputed" is wrong. Neither Logue nor the Court yet know what aspect or aspects of his claim the defendants will dispute. Consideration of the motion will be stayed until an appropriate time. Logue should not submit additional similar motions.

On July 13, 2019, Logue responded (Doc. 19) to the Court's Order of July 2. He "requests to add only Planned Parenthood" as the person or entity responsible for depriving him of adequate medical care at the Missoula Sanctions and

Assessment Center in the spring of 2019. *See* Supplemental to Amended Complaint (Doc. 19) at 1. These allegations relate to allegations found at page 8 of Logue's original complaint (Doc. 2) and his response (Doc. 9) to the Court's Order of June 21, 2019 (Doc. 7). Logue's claim against Planned Parenthood alleges deprivation of medical care at a different location and by different persons than the property-deprivation claims at issue in Cause No. CV 19-101-M. Consequently, the medical-care claims will be severed and addressed in a separate action under a separate case number. *See* Federal Rules of Civil Procedure 20, 21.

Logue is advised that this action, No. CV 19-101-M, will involve one claim, viz., his allegation regarding deprivation of funds in his Flathead County jail trust account. That deprivation was over and done in the past, and it involves specific defendants. The Court will consider whether those defendants unlawfully deprived Logue of his property, but it will not consider whether anyone else is currently depriving him of property of the same kind. A prisoner's filing of a civil lawsuit does not involve the Court in the prisoner's ongoing involvement with law enforcement authorities. Logue may have remedies available for other alleged deprivations, but not in this action. *See* Order (Doc. 16) at 6 ¶ E.

In this action, the defendants whom Logue accuses of violating his civil rights are entitled to due process and have not yet had a fair opportunity to appear and defend. The Order of June 28 explains what they must do and when. Logue

does not need to submit anything further at this time.

Based on the foregoing, the Court enters the following:

# ORDER

1. The clerk shall not file but will return to Logue the documents the Court received from him after the Order of July 2 was issued.

2. Logue's "Supplemental to Amended Complaint" (Doc. 19) is GRANTED to the extent he names a defendant responsible for depriving him of adequate medical care at the Missoula Sanctions and Assessment Center in the spring of 2019.

   a. The clerk will open a new civil action, file pages 8, 10, and 11 of the Complaint (Doc. 2), Resp. to Order (Doc. 9), and "Supplemental to Amended Complaint" (Doc. 19), as the complaint in that action, and attach this Order.

   b. Planned Parenthood shall be listed as the defendant.

   c. Logue is GRANTED leave to proceed in forma pauperis with the new action. A new collection order will not be issued.

   d. The clerk will issue a Notice of Case Opening to advise Logue of the case number of the new action. Logue must use the correct case number on all submissions to the Court.

   e. In due course, the Court will review Logue's medical-care complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* Order (Doc. 7) at 2.

3. Logue's motion for partial summary judgment (Doc. 18) is STAYED and HELD IN ABEYANCE pending the Defendants' appearance and an order

requiring them to respond to it.

<u>Logue must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 17th day of July, 2019.

                                      */s/ Jeremiah C. Lynch*
                                      Jeremiah C. Lynch
                                      United States Magistrate Judge