IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER ROOT; C.D.O. COOPER; TAMMY BOWEN; LIZ FISHER; and MICHAEL BUCKLEY,<br><br>Defendants. | Cause No. CV 19-101-M-DLC-JCL<br><br>SUPERSEDING FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Logue filed this action on June 13, 2019. He named five defendants. The Court has already issued Findings and Recommendation. Logue did not object but continued to submit additional documents. This Findings and Recommendation supersedes the previous one.

## Claims That Will Proceed

Logue alleges Defendants Root, Cooper, and Bowen, who are all employed at the Flathead County Detention Center, *see* Compl. (Doc. 2) at 5, unlawfully took money from his inmate trust account in 2017–2018, apparently to pay medical expenses. *See id.* at 7–8; Supp. (Doc. 2-1) at 1; Statement of Facts (Doc. 2-3) at 5–6. These allegations "are sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). By

1

separate order, these three defendants have been required to appear.

In addition, the Court advised Logue that some of his allegations supported an inference that he was deprived of adequate medical care and, as a result, suffered serious acute medical conditions.  He recently named two defendants appropriate to that claim.  As the Order accompanying this Findings and Recommendation shows, the medical-care claim has been severed and will proceed under a separate cause number.

The Court notes that Logue identified "P. Rodgers" as a potential defendant on July 5, 2019 (Doc. 17) at 1.  But in his most recent submission, Logue states that he "requests to add only Planned Parenthood" as a defendant regarding his medical care.

## Opportunities to Amend

Logue was twice advised about amending his allegations.  *See* Order (Doc. 7); Order (Doc. 16).  In addition to his original complaint, he has made at least five attempts (Docs. 6, 9, 13, 17, 19) to amend his pleadings.  No additional opportunities need be extended.

## Recommended Dismissals

1. *Bennett and Solomon*.  Logue moves to add two defendants, Lane Bennett and Maury Solomon, in connection with his claim that money was unlawfully taken from his Flathead County jail trust account.  Bennett and

Solomon represented Logue in the criminal case he was facing when the money was taken. He claims they should have prevented or objected to the taking of his funds.

Logue alleges no facts suggesting his attorneys *caused* or *contributed to causing* funds to be taken from the account. To the extent counsel refused to represent Logue in his civil action in justice court seeking the funds' return, they did not cause or contribute to causing a violation of Logue's constitutional rights. To the extent they were representing Logue in the criminal case when they failed to object to the taking of his funds, they were public defenders acting as his counsel, not state actors, and they may not be sued under § 1983. *See, e.g.*, Supp. (Doc. 2-1) at 1–3; *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981). Logue has filed a petition for writ of habeas corpus. If his attorneys violated his Sixth Amendment right to effective counsel in the criminal case, the habeas action will provide the remedy. Logue's motion to add Bennett and Solomon as defendants (Doc. 13) should be denied.

2. *Fisher, Buckley, and Baker.* From Logue's allegations, the Court infers the sentencing court committed him to the Department of Corrections, thereby authorizing DOC staff to decide whether Logue serves his sentence in prison, in a prerelease center, or on conditional release. *See, e.g.*, Mont. Code Ann. § 46-18-201(3)(a)(iv)(A). Fisher and Buckley appear to be probation officers. *See* Compl.

3

(Doc. 2) at 5. Baker evaluates offenders' chemical dependency and mental health needs. *See* Resp. to Order (Doc. 9) at 4.

Logue explained that he cannot obtain conditional release because he refuses to take the only mental-health medications provided to him. He does not want to take those specific medications because they have in the past made him irritable and violent and he wants the ones he was taking before he arrived in Missoula. *See* Resp. to Order (Doc. 9) at 3–6. Logue alleged that "DOC's staff at placement recommendation are making many medical and mental health placement decisions when none of them or [sic] medical or mental health professionals." *Id*. at 6. Logue also claimed one or more of these defendants told him they would recommend placement less restrictive confinement than Logue actually received. *Id.* at 4.

At most, these allegations support an inference that Logue's placement depends on whether he is taking mental-health medications. No constitutional violation arises from that fact. His allegations do not support an inference that Fisher, Buckley, or Baker decided what mental-health medications Logue could or should take or chose to replace Logue's accustomed mental-health medications with alternatives. Logue has not alleged, and there is no evident reason to assume, that Fisher, Buckley, or Baker, *see* Order (Doc. 16) at 4, have any authority at all over medical decisions or medical staff or that they *caused* or *contributed to*

4

*causing* a violation of Logue's right to adequate medical care or mental-health care. Defendants Fisher and Buckley, who were named as defendants in the original complaint, should be dismissed. To the extent Logue attempts to state a claim against Baker, his motion to amend should be denied.

    3. *Retaliation or Due Process Violation*. Logue repeatedly refers to retaliation. A retaliation claim requires allegations showing that "(1) . . . a state actor took some adverse action against him (2) because of (3) his protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Entler v. Gregoire*, 872 F.3d 1031, 1040 (9th Cir. 2017) (internal brackets omitted) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 568–69 (9th Cir. 2004)).

    Logue has not alleged facts supporting a reasonable inference that anyone has retaliated against him. He refers, for instance, to DOC Administrator Heather Smith's alleged failure to provide the Court with the $5.00 filing fee for Logue's habeas petition despite deducting the fee from his account. No reasonable person would hesitate to file a habeas petition if it resulted in the loss of $5.00. That is the filing fee, and Logue's habeas petition was duly filed anyway. Similarly, it is not reasonable to infer Fisher or Buckley refused to confront medical staff because they were retaliating against Logue or to infer that Logue is being required to seek employment while he is in a prerelease program because he filed a lawsuit. *See*

5

*Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). And even assuming someone harbored a retaliatory motive, Logue fails to allege that anyone took an adverse and not legitimately correctional retaliatory action or did anything that would have chilled the protected activity of a person of ordinary firmness.

Logue's allegations of retaliation are not plausible and should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).

4. *"Ongoing" Mental Health Treatment*. The Court has not recognized a viable claim by Logue for deprivation of his right to adequate *mental health* care. The issue is not before the Court, and even if it were, the Court would not assume responsibility for monitoring Logue's mental health treatment or his treatment in prerelease or on conditional release. He believes taking the mental-health medications he has been given will make him violent, but he has not alleged facts supporting an inference that anyone has been deliberately indifferent to his serious mental health needs. Logue has no entitlement under state law to be placed on conditional release instead of housed in a prerelease center. All allegations about Logue's mental health treatment or his placement should be dismissed.

5. *Smith, Coy, and Michael*. Logue apparently moves to amend to add these three administrative officials within the Department of Corrections as defendants

to one or more of his claims.  *See* Supp. (Doc. 19) at 1–2.  He has not alleged facts showing they *caused* or *contributed to causing* a violation of his civil rights.  Reviewing and rejecting grievances does not cause or contribute to causing the problem discussed in the grievance.  To the extent Logue claims the prerelease center where he is placed is taking social security funds from him, this claim is new (and incomprehensible) and has no place in the current action.  If Logue intends to pursue it, he must file a separate action.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1.  Logue's motion to add Bennett and Solomon as defendants (Doc. 13) should be DENIED.

2.  Logue's motion to amend his complaint with respect to Defendants Fisher and Buckley (Doc. 17) should be DENIED.  Defendants Fisher and Buckley should be DISMISSED.

3.  To the extent Logue attempts to state a claim against Ron Baker, any proposed amendment should be DENIED.

4.  Allegations of retaliation or related due process violation should be DISMISSED.

5.  Allegations regarding Logue's placement and allegations regarding his mental health treatment should be DISMISSED.

6. To the extent Logue attempts to state a claim against DOC Administrator Smith, Megan Coy, and Reginal Michael, any proposed amendment should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Logue may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Logue must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 17th day of July, 2019.

                                     */s/ Jeremiah C. Lynch*
                                     Jeremiah C. Lynch
                                     United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.