# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE,<br><br>                     Plaintiff,<br>vs.<br><br>JENNIFER ROOT; C.D.O. COOPER;<br>TAMMY BOWEN; LIZ FISHER; and<br>MICHAEL BUCKLEY,<br><br>                     Defendants. | CV 19-101-M-BMM-JTJ<br><br>ORDER ADOPTING MAGISTRATE<br>JUDGE'S FINDINGS AND<br>RECOMMENDATIONS |

**Background**

Plaintiff Clarence Redmond Logue ("Logue") filed a significant number of motions, including the following four:

- Motion to Amend Complaint (Doc. 13);

- Motion to Amend Complaint (Doc. 17);

- Motion for Summary Judgment (Doc. 40);

- Motion for Leave to File an Amended Complaint (Doc. 56);

Judges Jeremiah C. Lynch and John Johnston issue two separate Findings and Recommendations covering all these motions. (Docs. 21 and 81.) Judge Lynch recommended, among other things, that both of Logue's Motions to Amend his Complaint (Docs. 13 and 17) should be denied. (Doc. 21 at 7-8.) Judge Johnston

1

recommended that Defendants' Motion for Summary Judgment (Doc. 40) and Logue's Motion for Leave to Amend (Doc. 56) should be denied. (Doc. 81 at 25.)

Judge Johnston also denied the following motions: Defendants' Motion to Stay Proceeding Pending Resolution of Defendants' Motion for Summary Judgement (Doc. 53); Motion for Subpoenas (Doc. 57); Motion for Supplemental Jurisdiction of Montana's Eleventh Judicial District Court (Doc. 58); Defendants' Motion for Telephonic Status Conference (Doc. 61); Motion for Subpoenas (Doc. 63); Defendants' Motion to Strike "Plaintiff Clarence Logue's Response to Defendant's Reply Brief in Support of Motion to Oppose Defendant's Motion for summary Judgement Plaintiff's Reply Brief" (Doc. 72); Motion for a Subpoena for Particular Records from Flathead County Detention Center (Doc. 75); Motion for Leave to Submit Statement to the Court and to File Extra-Rule Brief (Doc. 80). Judge Johnston also ordered the Clerk of Court to terminate Logue's Motion to Oppose any Claims by Defendants of Immunity Defense(s) (Doc. 68) as an improper motion. Judge Johnston reserved ruling on Logue's Motion for Summary Judgment (Doc. 48).

## Legal Standard

The Court reviews de novo Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the

portions of the Findings and Recommendations to which the parties did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

**Judge Lynch's Findings and Recommendations (Doc. 21)**

Judge Lynch issued Findings and Recommendations on July 17, 2019. (Doc. 21.) Among other things, Judge Lynch recommended that Logue's motion to add Bennett and Solomon as defendants (Doc. 13) should be denied. (Doc. 21 at 7.) Judge Lynch noted that Logue failed to allege facts suggesting his attorneys, Bennett and Solomon, caused or contributed to causing funds to be taken from Logue's account. (*Id.* at 2-3.) Further, Judge Lynch noted that these attorneys were acting as public defenders, not state actors, and thus cannot be sued under 48 U.S.C. § 1983. (*Id.* at 3.)

Logue objected to this recommendation. (Docs. 22 and 26.) Logue's objections fail to persuade the Court that that Bennett and Solomon were state

actors. Public defenders do not act as state actors when performing their traditional functions as counsel. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981). Further, any error alleged by Logue can be rectified by his writ of habeas corpus. (*See* Doc. 21 at 3.)

Logue did not object to any other recommendation from Judge Lynch. Having reviewed his recommendation *de novo*, the Court will adopt Judge Lynch's findings and recommendations as related to Bennett and Solomon. Having reviewed Judge Lynch's remaining recommendations for clear error, the Court will adopt Judge Lynch's recommendations to which neither party has objected.

## Judge Johnston's Findings and Recommendations (Doc. 81)

### *Logue's Objections*

Judge Johnston made two recommendations when he issued findings and recommendations on November 14, 2019. (Doc. 81.) He recommended that Logue's motion to amend should be denied. (*Id.* at 18-20.) Judge Johnston noted that Logue has had at least five opportunities to amend his pleadings, and so any attempt to amend them now is done in bad faith. (*Id.* at 18.) Judge Johnston also noted that all of Logue's proposed amendments proved futile. (*Id.* at 19.) Logue sought to add his lawyers as parties, just as he tried to in the motion that Judge Lynch addressed in his findings and recommendations. (*Id.*) Judge Johnston noted

4

that this amendment proved futile for the same reasons Judge Lynch outlined. (*Id.*) Further, Judge Johnston noted that Logue's attempt to add Nurse Tammy Bowen proved futile because Logue did not make any specific allegations to Nurse Bowen. (*Id.*) Logue's attempt to add Flathead County proved futile because it did not fall under any of the three instances that allow a person to sue a municipality under § 1983. (*Id.*) Finally, Logue's attempt to add the state of Montana would be futile because Montana had not waived sovereign immunity. (*Id.* at 20.)

Logue objects to Judge Johnston's recommendation about Logue's attorneys because he believes that his attorneys breached a fiduciary duty to him. (Doc. 88 at 2-3.) This Court rejects Logue's objection for the same reason it rejected his attempt to add his attorneys in Judge Lynch's findings and recommendations.

Logue also objects to Judge Johnston's findings that Logue could not add Flathead County. Judge Johnston outlined the three types of instances that would allow Logue to add Flathead County, and as part of his objection, Logue makes a blanket assertion that he falls within one of those instances. The Court sides with Judge Johnston and finds that Logue's attempt to add Flathead County does not amount an allegation that falls with *Monell*'s framework for suing municipalities under § 1983.

As related to whether Logue can add the state of Montana, Logue concedes that he does not seek to add them as defendants. The Court will adopt Judge Johnston's recommendation on that issue.

The remainder of Logue's objections deal with aspects of Judge Johnston's Findings and Recommendations that Judge Johnston may resolve without recommendation. Magistrate judges may resolve certain pretrial matters under 28 U.S.C. § 636(b)(1)(A) without issuing findings and recommendations to an Article III judge. Section 636(b)(1)(A) provides a list of motions that a magistrate judge may not resolve. That list does not include Rule 56(d) motions to postpone summary judgment. An Article III judge may reconsider an order issued under § 636(b)(1)(A) if a party shows that the order was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). None of the motions to which Logue objects fall within the list outlined under § 636(b)(1)(A). The Court has reviewed each of the Magistrate's orders and has found no clear or anything that is contrary to law.

*Defendants' Objections*

Judge Johnston also recommended that the Court deny Defendants Motion for Summary Judgement (Doc. 40). (Doc. 81 at 25.) Judge Johnston recognized that the Prison Litigation Reform Act contains an exhaustion requirement that must be met before a prisoner can bring a § 1983 claim. (*Id.* at 10.) Judge Johnston then

stated that a prisoner need not meet this requirement in certain circumstances. (*Id.* at 11.) Judge Johnston ultimately rejected the Government's arguments to the contrary and ruled that "Defendants failed to show that the grievance process was available to Mr. Logue once he was released." (*Id.* at 17.)

Defendants objected to this recommendation. (Doc. 92.) Defendant's objections boil down as follows: (1) Logue believed that the grievance procedure was futile (*id.* at 2); (2) Logue could have filed an appeal of his Level 2 denial before he was released from custody (*id.* at 2-4); and (3) FCDC's grievance policy was available to Logue after his release, (*id.* at 5).

None of these arguments responds to Judge Johnston's reasoning and all must be rejected. That Logue believed the process would be futile does not per se show that Logue simply chose not to follow through with the process. Whether Logue could have filed an appeal before he was released from custody proves largely irrelevant in the absence of a requirement that Logue actually do so. Finally, the Government's blanket assertion that the policy was available in general does not respond to Judge Johnston's statement that Defendants have not shown that Logue had the means to continue an appeal after his release. The Court will adopt Judge Johnston's recommendation in full.

**ORDER**

Accordingly, **IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 21) are **ADOPTED IN FULL.** Logue's motion to add Bennett and Solomon as defendants (Doc. 13) is **DENIED.** Logue's motion to amend his complaint with respect to Defendants Fisher and Buckley (Doc. 17) is **DENIED**.

Further, Judge Johnston's Findings and Recommendations (Doc. 81) are **ADOPTED IN FULL**. Defendants' Motion for Summary Judgment (Doc. 40) is **DENIED.** Logue's Motion for Leave to Amend (Doc. 56) is **DENIED**.

DATED this 2nd day of March, 2020.

*/s/ Brian Morris*

Brian Morris
United States District Court Judge