# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| CLARENCE REDMOND LOGUE,<br><br>                Plaintiff,<br>vs.<br><br>JENNIFER ROOT; C.D.O. COOPER;<br>and TAMMY BOWEN,<br><br>                Defendants. | CV 19-101-M-BMM-JTJ<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

## Background

Plaintiff Clarence Redmond Logue ("Logue") filed a prolific number of motions, including the following eleven:

- Motion to Object and to Stay (Doc. 22);

- Motion for Summary Judgment (Doc. 48);

- Motion for Leave to file Response Brief (Doc. 122);

- Motions to Admit Evidence (Docs. 124, 149)

- Motion to Extend Deadlines for Discovery and Pretrial Motions (Doc. 125);

- Motions for Appointment of Counsel (Doc. 126);

- Motion for Pre-trial Relief (Doc. 128);

- Motion for Reconsideration, to Appoint Counsel, and to Stay (Doc. 143);

1

- Motion for Subpoena (Doc. 150); and

- Motion for Leave to File Statement (Doc. 153).

Defendants Jennifer Root, C.D.O. Cooper, and Tammy Bowen ("Defendants") have also filed several motions, including the following three:

- Second Motion for Summary Judgment (Doc. 99);

- Motion in Limine (Doc. 134); and

- Motion for Judicial Notice (Doc. 136).

United States Magistrate Judge John Johnston issued Findings and Recommendations covering all these motions on June 11, 2020. (Doc. 157.) Judge Johnston recommended that the Court should decline supplemental jurisdiction over any state law claims. (Doc. 157 at 26.) Judge Johnston next recommended that Logue's Motion for Summary Judgment (Doc. 48) should be granted as to the taking of $1,079.82 on January 25, 2018, and denied in all other respects. (Doc. 157 at 26.) Judge Johnston also recommended that Defendants' Second Motion for Summary Judgment (Doc. 99) should be granted as to the taking of $174.10 on December 5, 2017, and as to any claim under 42 U.S.C. § 1985, and denied in all other respects. (Doc. 157 at 26.) Judge Johnston finally recommended that Logue's Motion for Reconsideration (Doc. 143) should be denied. (Doc. 157 at 26.)

Judge Johnston denied the following motions: Logue's Motion to Object and to Stay (Doc. 22); Logue's Motion for Leave to File a Response Brief (Doc. 122); Logue's Motions to Admit Evidence (Docs. 124, 149); Logue's Motion to Extend Deadlines for Discovery and Pre-trial Motions (Doc. 125); Logue's Motion for Appointment of Counsel (Doc. 126); Logue's Motion for Pre-trial Relief (Doc. 128); Logue's Motion to Appoint Counsel and to Stay (Doc. 143); Logue's Motion for Subpoena (Doc. 150); and Logue's Motion for Leave to File Statement (Doc. 153).

Judge Johnston granted Defendants' Motion to Strike (Doc. 113) and Defendants' Motion for Judicial Notice (Doc. 136). Judge Johnston also granted Defendants' Motion in Limine (Doc. 134) as to Items A, B, C, and D. Judge Johnston also granted the Motion in Limine (Doc. 134) as to Item E with respect to any allegations of medical malpractice or lack of medical. Finally, Judge Johnston denied the Motion in Limine (Doc. 134) as to potential expert disclosures or testimony regarding compensatory damages resulting from the due process violation.

## Legal Standard

The Court reviews de novo Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the

3

portions of the Findings and Recommendations to which the parties did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

I.  **Logue's Objections**

Logue objects, at length, to Judge Johnston's dismissal of Logue's theory that Defendants stand responsible for damages to Logue. Logue's objections, while extensive, fail to constitute a specific objection.

Logue additionally lodges general objections to Judge Johnston's denial of several motions and granting of Defendants' motions. (Doc. 158 at 16.) Logue provides no bases for these objections.

Finally, Logue objects to Judge Johnston's recommendation that the Court decline supplemental jurisdiction over state law claims. Logue appears to argue, without further explanation, that Judge Johnston's "[a]nalysis is partially contrary

4

to what was held by the Ninth Circuit."[1] (Doc. 158 at 17.) Logue cites *Shinault v. Hawks* to support this argument. 782 F.3d 1053 (9th Cir. 2015). Logue fails to explain how Judge Johnston's analysis proves "partially contrary." The Court will not make Logue's argument for him.

The Court finds no specific objections and will review Judge Johnston's Findings and Recommendations for clear error. The Court finds no error.

## II. Defendants' Objections

Defendants object to the following three of Judge Johnston's Findings and Recommendations: (1) Defendants violated Logue's procedural right to due process as it relates to the withdrawal of $1,079.82; (2) Logue suffered injury by the deprivation of due process; and (3) Defendants are not entitled to qualified immunity.

### A. Whether Defendants violated Logue's procedural right to due process

Defendants first object to Judge Johnston's conclusion that Defendants deprived Logue of due process. Defendants' objection relies, nearly verbatim, on the same analysis set forth in their Brief in Support of Summary Judgment.

---

[1] The Court altered Logue's spelling to improve readability and clarity.

(*Compare* Doc. 101 at 13-19 *with* Doc. 159 at 3-8.) Judge Johnston considered those arguments in reaching his Findings and Recommendations. The Court will not reargue them. The Court reviews Judge Johnston's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no clear error.

### B. Whether Logue suffered injury

Defendants next object to Judge Johnston's conclusion that Logue suffered an injury from the lack of pre-deprivation hearing. Defendants' objection recites, again nearly verbatim, the argument set forth in their Brief in Support of Summary Judgment. (*Compare* Doc. 101 at 19-20 *with* Doc. 159 at 8-9.) Defendants further cite *Codd v. Velger*, 429 U.S. 624 (1977), to distinguish Judge Johnston's reliance upon *Carey v. Piphus*, 435 U.S. 247 (1978). (Doc. 159 at 9.) Defendants' attempt to distinguish *Carey* constitutes the same argument raised in their Brief in Support of Summary Judgment. The Court again reviews Judge Johnston's Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no clear error.

### C. Whether Defendants are entitled to qualified immunity

Defendants object finally that Judge Johnston incorrectly concluded that Defendants are not entitled to qualified immunity. Defendants' objection stands, once more, on a previously raised argument. Judge Johnston considered that argument in determining his Findings and Recommendations. The Court will only review those Findings and Recommendations for clear error. *See Rosling*, 2014 WL 693315 at *3. The Court finds no clear error.

### ORDER

Accordingly, **IT IS ORDERED:**

1. Judge Johnston's Findings and Recommendations (Doc. 157) are **ADOPTED IN FULL.**

2. Logue's Motion to Object and to Stay (Doc. 22) is **DENIED AS MOOT**.

3. Defendants' Motion to Strike (Doc. 113) is **GRANTED**. Logue's Brief (Doc. 111) is **STRICKEN**.

4. Logue's Motion for Leave to File a Response Brief (Doc. 122) is **DENIED**.

5. Logue's Motions to Admit Evidence (Docs. 124, 149) are **DENIED**.

6.  Logue's Motion to Extend Discovery and Pre-trial Motions Deadlines (Doc. 125) is **DENIED**.

7.  Logue's Motions for Appointment of Counsel (Docs. 126, 143) are **DENIED**.

8.  Logue's Motion for Pre-trial Relief (Doc. 128) is **DENIED** and **STRICKEN**.

9.  Logue's Motion to Stay (Doc. 143) is **DENIED**.

10. Logue's Motion for Subpoena (Doc. 150) is **DENIED**.

11. Logue's Motion for Leave to File Statement (Doc. 153) is **DENIED**.

12. Defendants' Motion in Limine (Doc. 134) is **GRANTED** as to Items A, B, C, and D. The Motion is also **GRANTED** as to Item E with respect to any allegations of medical malpractice or lack of medical care or prescriptions but **DENIED** as to potential expert disclosures or testimony relevant to compensatory damages resulting from the due process violation.

13. Defendants' Motion for Judicial Notice (Doc. 136) is **GRANTED**.

14. The Court **DECLINES** supplemental jurisdiction.

15. Logue's Motion for Summary Judgment (Doc. 48) is **GRANTED** as to the taking of $1,079.82 on January 25, 2018, and **DENIED** in all other respects.

16.  Defendants' Second Motion for Summary Judgment (Doc. 99) is **GRANTED** as to the taking of $174.10 on December 5, 2017, and as to any claim under 42 U.S.C. § 1985, and **DENIED** in all other respects.

17.  Logue's Motion for Reconsideration (Doc. 143) is **DENIED**.

DATED this 8th day of July, 2020.

_____
Brian Morris, Chief District Judge
United States District Court